# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM

TEL: 212.681.0202
FAX: 212.614.0202

November 12, 2010

**BY ECF**

Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  *United States v. Michael Persico, 10 Cr. 147 (SLT)*

Dear Judge Townes:

  We respectfully write in reply to the government's November 5, 2010, letter ("Govt. Ltr.") in which, without any factual or legal basis, it opposes the proposed modifications to Mr. Persico's bail conditions.  Tellingly, although nearly four weeks in the making, the government's response is nothing more than a regurgitation of the procedural history of the case, a misrepresentation of the findings made by the Second Circuit and Judge Amon and argument that has already been rejected.  Most importantly, the government is unable to point to any evidence showing that the release conditions recommended by Pretrial Services in its March 9, 2010, report, coupled with a five million dollar bond secured by real property, are inadequate to protect the community from any danger Mr. Persico might conceivably pose.

  A. <u>**The Prior Proceedings**</u>

  As noted in our October 12, 2010, submission, at the time of the original bail proceeding before this Court, the government had provided to the defense only portions of four of the 829 recordings made by its cooperating witness, Steven Marcus.  Relying on the government's misrepresentations regarding its evidence, this Court initially detained Mr. Persico.  In vacating this Court's detention order, the Second Circuit made clear that, even on the basis of the original four snippets, it appeared that "[Mr.] Persico used any influence he had in order to ***discourage violence***" and thus was not the danger the government claimed.  <u>United States v. Persico</u>, 376

Honorable Sandra L. Townes
United States District Judge
November 12, 2010
Page 2

Fed.Appx. 155, 157 (2d Cir. 2010) (emphasis added).  Recognizing the paucity of the government's evidence, the Second Circuit observed that this Court "might well have released [Mr.] Persico had it not erroneously presumed him dangerous," and it directed that the detention decision be reconsidered.  Id.

On remand, Judge Amon – to whom this Court referred the matter – similarly observed that, while the government's interpretation was one way in which the snippets of the four recordings could be viewed, "[t]he conversations could also be interpreted [as showing] *at the very least* [that Mr. Persico] appeared to use his influence to *discourage physical violence*."  Transcript of Proceedings before Hon. Carol B. Amon dated May 18, 2010, at 12 (emphasis added).  Judge Amon therefore concluded that the government had failed to establish "that the defendant is both a danger to the community and … that no condition or combination of conditions can reasonably assure the safety of the community."  Id. at 13.  Accordingly, Judge Amon ordered Mr. Persico's immediate release on the conditions he had previously proposed.  Id.  Plainly, nothing in this procedural history suggests that continued home detention is necessary.

### B. The New Evidence Disproves the Government's Dangerousness Claims

The new evidence discussed below and in our October 12th submission squarely defeats the government's dangerousness argument.[1]  Indeed, a review of this additional proof demonstrates how the government withheld significant evidence so as to make it appear that Mr. Persico presented some safety risk, when none exists.

Although the government previously claimed that its evidence of Mr. Persico's dangerousness was "clear and convincing" – causing Mr. Persico to be wrongfully detained for more than two months – the government now concedes that there exist "competing inferences" and that the additional recordings support the inference that Mr. Persico "appeared to use his influence to discourage violence."  Govt. Ltr. at 10.  Notably, in the hundreds of hours of recordings the defense has reviewed thus far, evidence of Mr. Persico's alleged dangerousness is completely absent.  Mr. Persico does not threaten anyone with violence or encourage anyone else

---

[1]  The government falsely claims that the evidence is not "new."  But, clearly, we did not have the evidence cited in our bail modification application available to us at the time of the prior bail proceedings.  Indeed, although we requested that additional recordings, including those on which Mr. Persico is heard, be provided prior to the bail hearing, the government did not comply with the request.

Honorable Sandra L. Townes
United States District Judge
November 12, 2010
Page 3

to do so.  Moreover, the government has not identified *any* individual who claims that he was fearful of, or intimidated by, Mr. Persico.  To the contrary, the alleged extortion victims have stated that just the opposite is true.

Nevertheless, in its response, the government asks the Court to continue relying on the prior inferences it drew from the original four snippets and to disregard the additional evidence showing that its earlier interpretation is flatly wrong.  Given the defendant's entitlement to the presumption of innocence and to release on the "least restrictive" conditions possible, the government's opposition is mind-boggling.  See 18 U.S.C. §§ 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.") and 3142(c)(1)(B) (Court is obligated to release defendants on "least restrictive" conditions).

The new recordings do not simply show a "contrast" between Mr. Persico's "style and methods" and those of "street guys," as the government contends.  Govt. Ltr at 10.  Rather, they vividly demonstrate that Mr. Persico is not a danger to anyone.  Indeed, the statements of James Bombino ("Bombino") that Mr. Persico is not a "gangster" but is in fact "as squeaky clean as they come" completely undermine the government's argument that Mr. Persico was Bombino's co-conspirator in extortion schemes.  Feb. 11, 2010 Recording.  They also reveal that anyone who knows and has dealt with Mr. Persico – including Bombino, on whose words the government has primarily relied – recognizes that the government has targeted Mr. Persico not because of his own actions, but rather "because of who his father is, who his brother is."  Id.  Indeed, Mr. Persico's alleged co-conspirators repeatedly discuss that he is someone who would never condone threatening or violent tactics, but rather is a "businessman."  Jun. 17, 2009 and Dec. 17, 2009 Recordings.

### 1. The Additional Recordings Refute the Testa Extortion Allegations

Although the government previously claimed that Mr. Persico had "set[ ] the stage" for defendants to "resort[ ] to violence" if Testa Corp. did not pay All Around Trucking for its work (see Govt. Mem. dated Mar. 9, 2010), it now concedes that the evidence "give[s] rise … to a 'competing inference' that … ***Persico used his influence to forestall violence***." Govt. Ltr. at 13 (emphasis added).  Indeed, the government now admits that the "point that Bombino [was] ma[king] on the December 17, 2009 consensual recording" was that Mr. Persico "***did not*** [ ] ***want Bombino to use violence to collect money from Steven Testa***."  Id. at 10 (emphasis added).

Honorable Sandra L. Townes
United States District Judge
November 12, 2010
Page 4

      The additional evidence proves that not only did Mr. Persico oppose the use of threats or acts of violence to collect the money Testa owed to All Around, but also that the remedy the defendants were considering to collect the debt from Testa was a perfectly lawful one.  While the evidence the defense previously possessed certainly suggested that the remedy being considered was suing Testa or liening the job, the new evidence proves that instituting legal action was the only measure the defendants contemplated.  Moreover, the new evidence demonstrates that the defendants did not want to pursue legal action if it could be avoided for understandable business reasons.  In this regard, co-defendant Louis Romeo is heard reminding Bombino and Marcus that his friend had recommended that All Around "*lien the [Testa] job*" when All Around first had difficulty getting paid but that "*[Bombino] didn't want to go that route because [All Around] wanted to do a lot more work with Testa and didn't want to piss them off*."  Jan. 27, 2010 Recording.  Given this evidence – that All Around was hoping "to do a lot more work with Testa" and "didn't want to piss [Testa] off" by "lien[ing] the job" – the "competing inference" that the government asks the Court to draw – that the defendants were considering threatening violence – is plainly illogical.

      Moreover, no evidence that Mr. Persico would have encouraged or supported the use of threats or acts of violence exists.  Indeed, Mr. Persico repeatedly made clear his view that no one should ever be physically threatened and that such matters should be resolved amicably by "talk[ing]" like "gentlemen."  Oct. 29, 2009 and Dec. 17, 2009 Recordings.  And, in fact, that is exactly what occurred.  In the December 17th recording, Bombino is heard describing the meeting with Testa in these words:

> [Steven Testa] said, "Listen, don't expect that in, you know all that money at once, I don't have it."  I says, "Well, you gotta do something for me 'cause I owe a lot of money, I owe a lot of bills, I owe $50,000 to the salt mines, you know, the dump; I owe $40,000 to the union; I still owe drivers, I owe everybody for this job, the job almost put me out of business.  I had to park my trucks 'cause I didn't get paid."
>
>                    \*\*\*
>
> He told me, "I'll have Paula [Testa's treasurer] call you."  He said, "I'll have her call you by the end of today."  I says, "Okay, do me a favor, see what you can do about sending me a big check because

Honorable Sandra L. Townes
United States District Judge
November 12, 2010
Page 5

> $20,000 is not helping. It's not going to do nothing for me. I'm done with the work. $200,000, $210,000 is over 180 days."

Dec. 17, 2009 Recording. In short, Testa was not threatened at the meeting, not even with a lawsuit.

### 2. The Evidence Shows that Mr. Persico Did Not Conspire to Extort Leone

The government's argument regarding the furniture store owner Frank Leone, Sr. ("Leone"), is also unavailing. Having no meaningful response to the evidence cited in our October 12th submission, the government argues Mr. Persico's supposed "influence" over Bombino and Bombino's brother. But that argument is belied by Bombino's own statements that he and his brother were "gonna go after [their] own fuckin' money"; that "if [Mr. Persico] didn't like it," he would have to "go get his brother out of jail and father"; and that "if [Mr. Persico] wants to get beat for his money, that's his business," since Mr. Leone is "his friend" but that Bombino was not "gonna let [Leone] keep [his] money." Jan. 6, 2010 Recording. Moreover, the government's acknowledgement that the "*far more likely inference*" to be drawn from the conversations is that "***Persico had lent Leone, Sr. sufficient funds to cover his debt to the Bombinos***," Govt. Ltr. at 12, directly refutes not only its dangerousness argument, but the entire extortion conspiracy charge. Surely, it is illogical to think that, after conspiring with Bombino to extort Leone, Mr. Persico would then loan Leone the funds needed to cover his debt.

The new evidence clearly demonstrates that Mr. Persico was close friends with Leone; that Mr. Persico assisted Leone financially whenever he needed it; that Mr. Persico never suggested or agreed to the use of threats or violence against Leone; that Mr. Persico in fact counseled others to stop threatening Leone; that Mr. Persico did not wish to be involved in the financial dispute between the Bombinos and Leone; and that the Bombinos resolved their issue without Mr. Persico's involvement. Thus, there is no evidence here to support a dangerousness finding, let alone an extortion charge.

Honorable Sandra L. Townes
United States District Judge
November 12, 2010
Page 6

## Conclusion

In sum, the evidence shows Mr. Persico never employed, encouraged, agreed to or directed the use of threats or acts of violence and that, whenever the suggestion of a threat of violence arose, he opposed it. Accordingly, we respectfully ask that Mr. Persico's bail conditions be modified as set forth in the proposed order submitted to the Court on November 4, 2010.

Respectfully submitted,
/s/
Sarita Kedia

Paul Shechtman

cc: Amy Busa
 Michael Tremonte
 Assistant United States Attorneys