

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

NMA:EAG/RN/AL
F.#2010R00195

*271 Cadman Plaza East
Brooklyn, New York 11201*

October 11, 2011

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Michael Persico
            Criminal Docket No. 10-147 (S-2)(SLT)

Dear Judge Townes:

      The government respectfully submits this letter in response to the defendant's motion to quash grand jury subpoenas. The motion should be denied because the defendant lacks standing to bring the motion and the subpoenas were properly issued.

I.    Background

      On August 17, 2011, a grand jury returned a second superseding indictment in the above-captioned case. (Docket Entry No. 303.) The second superseding indictment alleges that the defendant is an associate of the Colombo organized crime family of La Cosa Nostra (the "Colombo family"), and it charges the defendant with racketeering conspiracy, including murder as a racketeering act, in violation of 18 U.S.C. § 1962(d); extortionate extension of credit conspiracy, in violation of 18 U.S.C. § 892(a); extortionate extension of credit, in violation of 18 U.S.C. § 892(a); extortionate collection of credit conspiracy, in violation of 18 U.S.C. § 894(a)(1); extortionate collection of credit, in violation of 18 U.S.C. § 894(a)(1); financing extortionate extensions of credit, in violation of 18 U.S.C. § 893; wire fraud conspiracy, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; two counts of extortion conspiracy, in violation of 18 U.S.C. § 1951(a); extortion, in violation of 18 U.S.C. § 1951(a); and two counts of attempted extortion, in violation of 18 U.S.C. § 1951(a).

On October 3, 2011, the defendant filed a motion to quash several grand jury subpoenas on the basis that they were issued after he was indicted. (Docket Entry No. 335.) In the motion, the defendant attached a grand jury subpoena issued to a third party requesting, inter alia, certain documents and information relating to the defendant but in which the defendant has no privilege or proprietary interest.

## II. Argument

The defendant's motion should be denied for two separate and independent reasons. First, the defendant lacks standing to bring the motion because the subpoenas were not issued to the defendant and do not seek material in which he has a privilege or proprietary interest. Second, the subpoenas were properly issued because their purpose is to collect evidence of crimes that have not been charged.

### A. The Defendant Lacks Standing

#### 1. Legal Background

It is well established that "[a] party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed material." United States v. Dupree, No. 10 CR 627 (KAM), 2011 WL 2006295, at *3 (E.D.N.Y. May 23, 2011) (quoting United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000)); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); United States v. Rajaratnam, No. 09 CR 1184 (RJH), 2011 WL 335170, at *2 .1 (S.D.N.Y. Feb. 2, 2011); United States v. Tucker, 249 F.R.D. 58, 60 n.3 (S.D.N.Y. 2008); United States v. Reyes, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995) (absent claim of privilege or proprietary interest, party usually has no standing to object to subpoena directed at non-party); Kingsway Financial Services, Inc. v. Pricewaterhouse- Coopers LLP, No. 03 CV 5560 (RMB) (HBP), 2008 WL 4452134, at *3 n.3 (S.D.N.Y. Oct. 02, 2008) ("A party generally lacks standing to quash a subpoena directed to a non-party unless the party claims some personal right or privilege with regard to the documents sought."); In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990, 741 F. Supp. 1059, 1060 n.1 (S.D.N.Y. 1990) (absent a proprietary interest or claim of privilege in documents sought, a party usually has no standing to object to a subpoena directed at non-party).

Therefore, federal courts routinely deny, on the basis of standing, motions to quash subpoenas when the movant has no privilege or other interest in the material that was subpoenaed.

See, e.g., In re Grand Jury Subpoena John Doe, No. 05GJ1318, 584 F.3d 175, 184 n.14 (4th Cir. 2009) ("Even if Doe lacks possession of the Staff Materials, however, we would be obliged to reject the Congressman's contention as to their production, because he lacks standing to seek to quash a subpoena for documents over which he has no valid Fifth Amendment claim."); Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) (holding that movants who "have not alleged any personal right or privilege with respect to the material subpoenaed" lacked standing to move to quash subpoena duces tecum directed to third party); United States v. Crea, 853 F. Supp. 72, 73 (E.D.N.Y. 1994) (holding that defendant lacked standing to move to quash a grand jury subpoena to an accounting firm for information about the defendant because the law does not recognize an accountant-client privilege).

2. Discussion

As the defendant appears to concede, the government has not issued any subpoenas to the defendant since the second superseding indictment was returned, and has not issued any subpoenas seeking documents in which the defendant has a privilege or proprietary interest. Therefore, the defendant lacks standing to move to quash the subpoenas, and his motion should be denied.

B. The Subpoenas Were Properly Issued

Even if the defendant had standing to make this motion -- which he does not -- the motion should be denied on its merits. "[T]he party seeking to quash a subpoena must carry the burden of showing that the information sought bears no conceivable relevance to any legitimate object of investigation by the federal grand jury." In re Liberatore, 574 F.2d 78, 83 (2d Cir. 1978) (citations and quotation marks omitted). For the reasons set forth in a separate letter submitted ex parte and under seal, the defendant cannot satisfy this burden. The government respectfully submits that the separate letter should be filed ex parte and under seal because it discusses the purpose of grand jury subpoenas, and the government is generally not permitted to "disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B)(vi). Moreover, disclosing such information to the defendant would reward him for filing a motion that he lacks standing to file and that lacks legal merit.

III. Conclusion

For the foregoing reasons and those set forth in the separately filed ex parte letter, the government respectfully submits that the defendant's motion should be denied.[1]

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Elizabeth A. Geddes
Rachel Nash
Allon Lifshitz
Assistant U.S. Attorneys
(718)254-6430/6072/6164

cc: Sarita Kedia, Esq. (via ECF)
Paul Shechtman, Esq. (via ECF)

---

[1] The defendant also summarily moves "that subpoena compliance be postponed until this Court has had the opportunity to decide this application." (Docket Entry No. 335 at 1; see also id. at 6.) Such a stay is not warranted because, for the reasons set forth herein and those set forth in the separately filed ex parte letter, the defendant has neither shown (and cannot show) a likelihood of success or irreparable harm if the stay were denied. See Rubin v. United States, 524 U.S. 1301, 1301-02 (1998) (denying application for stay of subpoenas pending a decision on whether to grant certiorari because the applicant had neither shown a likelihood of success or irreparable harm if the stay were denied).