

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA/RN/AL
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 18, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Michael Persico</u>
            <u>Criminal Docket No. 10-147 (S-4)(SLT)</u>

Dear Judge Townes:

      The government respectfully submits this letter in response to the Court's Order dated May 15, 2012 (Docket Entry No. 465) ("Order").

      In the Order, the Court addressed, <u>inter alia</u>, the above-named defendant's motion to suppress recordings of telephone calls placed by Alphonse Persico between October 1991 and January 1992 from the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). (Order at 16-24.) In particular, the Court directed the government to provide evidence that would support the facts upon which the government's implied consent argument relies. (<u>Id.</u> at 23.)

      As the Court characterized them, the facts supporting a finding of implied consent are (1) the relevant portion of the Code of Federal Regulations ("CFR"), which provided public notice that inmate calls were subject to monitoring; (2) signs placed near telephones at FCI Milan, which provided notice to inmates that their conversations were subject to monitoring; (3) admissions and orientation handbooks, in which inmates were advised that their calls would be subject to monitoring; and (4) admissions and orientation sessions, in which inmates were advised that their calls would be subject to monitoring. (Order at 20-21.)

First, the applicable provision of the CFR, which was attached to the government's response to the defendant's motion to suppress (Docket Entry No. 426-2) provides that:

> The Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public. <u>The Warden must provide notice to the inmate of the potential for monitoring.</u> (Emphasis added.)

C.F.R. § 540.101 (revised as of July 1, 1991). It is beyond dispute that this provision provided notice to the public, including to inmates, that inmate calls were subject to monitoring.

Second, as to signs placed near telephones, the government has obtained affidavits from two long-term employees of FCI Milan. Steven Bardsley, a Lieutenant in the facility, has been employed there since 1987, except for the period from approximately July 1991 to December 1992. (Bardsley Aff. (attached as Ex. A) ¶ 1.) Lieutenant Bardsley states in his affidavit that during the entire period of his employment at FCI Milan, signs notifying prisoners that their calls were monitored were placed near telephones used by prisoners at FCI Milan. (<u>Id.</u> ¶ 2.) In addition, Cheryl Wertenberger, a Special Investigative Technician who has worked at FCI Milan since November 1, 1992, states in her affidavit that the following language has appeared in signs placed near the telephones during her entire tenure:

> NOTICE
>
> Pursuant to Bureau of Prisons Inmate telephone regulations:
>
> <u>All conversations</u> on this telephone are subject to monitoring. Your use of this telephone constitutes consent to this monitoring. You must contact your unit team to request an unmonitored attorney call.
> (Emphasis in original.)

(Wertenberger Aff. (attached as Ex. B) ¶¶ 1-2.) In further support, the government has obtained the Bureau of Prisons Program Statement effective as of May 31, 1983. It provides that, in addition to establishing procedures for monitoring inmate calls, "[t]he Warden must provide notice to the inmate of the potential for monitoring." (Program Statement (attached as

2

Ex. C) ¶ 5.)  Because Lieutenant Bardsley has observed the relevant signs throughout his tenure, which began in 1987 (although it excluded the period from approximately July 1991 to December 1992), as has Ms. Wertenberger during her tenure since November 1, 1992, and because the then-applicable CFR provision and Program Statement required notice of this sort, the government respectfully submits that the Court should find that this notice was provided between October 1991 and January 1992.  Any other finding would assume that the facility suspended existing practices -- and violated the CFR and Bureau of Prisons regulations -- during the relevant period, only to revert to its preexisting policy shortly thereafter.

  Third, as to admissions and orientation handbooks, both Lieutenant Bardsley and Ms. Wertenberger state that during the entire periods of their employment at FCI Milan, inmates were advised in admissions and orientation handbooks that their calls would be monitored.  (Bardsley Aff. ¶ 3; Wertenberger Aff. ¶ 3.)  In light of these statements, the CFR provision and the Program Statement, the Court should find that this notice was provided between October 1991 and January 1992.

  Fourth and finally, as to the admissions and orientation sessions, Ms. Wertenberger has stated that during the entire period of her employment at FCI Milan, inmates were advised in admissions and orientation sessions that their calls would be monitored.  (Wertenberger Aff. ¶ 4.)  Although Ms. Wertenberger began her employment after the period in which the calls at issue were made, the government submits that the combination of Ms. Wertenberger's statement, the then-applicable CFR provision and the then-applicable Program Statement supports a finding that notice was provided in admissions and orientation sessions during the relevant period.

Based on these submissions, the government respectfully asks the Court to find the foregoing facts.  If the Court finds those facts, it is clear that Alphonse Persico consented to the monitoring of his calls, and that the defendant's motion to suppress should be denied.  <u>United States v. Workman</u>, 80 F.3d 688, 692-93 (2d Cir. 1996); <u>United States v. Willoughby</u>, 860 F.2d 15, 19-20 (2d Cir. 1988); <u>United States v. Amen</u>, 831 F.2d 373, 378-79 (2d Cir. 1987).[1]

>                     Respectfully submitted,
>
>                     LORETTA E. LYNCH
>                     United States Attorney
>
> By:          /s/
>                     Nicole M. Argentieri
>                     Rachel J. Nash
>                     Allon Lifshitz
>                     Assistant U.S. Attorneys
>                     (718)254-6232/6072/6164

cc:   Clerk of Court (by ECF)
      All Counsel (by ECF)

---

[1]   In addition, the Court directed the government to respond to a suppression argument raised by the defendant in his reply brief. (Order at 23.)  That argument concerns calls made by Alphonse Persico from the Federal Correctional Institution in Fairton, New Jersey.  The government does not intend to introduce those calls into evidence, and, therefore, respectfully submits that any motion regarding those calls is moot.