UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

       -v.-                                                        10 CR 147 (S-4) (SLT)

FRANCIS GUERRA, *et al.*,

                                     *Defendants*.
------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION
# TO THE PRECLUSION OF CROSS-EXAMINATION
# REGARDING SENTENCES OF OTHER COOPERATORS

Sarita Kedia                                      Paul Shechtman
Sarita Kedia Law Offices, P.C.            Zuckerman Spaeder LLP
5 East 22nd Street, Suite 7B              1185 Avenue of the Americas
New York, New York  10010             New York, NY  10036
(212) 681-0202                                  (212) 704-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

        -v.-                                                                    10 CR 147 (S-4) (SLT)

**FRANCIS GUERRA**, *et al.*,

                         *Defendants*.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO THE PRECLUSION OF CROSS-EXAMINATION
## REGARDING SENTENCES OF OTHER COOPERATORS

### INTRODUCTION

Michael Persico submits this memorandum of law in opposition to the government's motion *in limine* to preclude the defense from cross-examining cooperating witnesses about their knowledge of sentences received by other cooperating witnesses. The court should deny this request, as such a restriction would violate Mr. Persico's Sixth Amendment right to confront the witnesses testifying against him.

### THE APPLICABLE LAW

In the cross-examination of cooperating witnesses, inquiry into the witnesses' knowledge of sentences received by other cooperating witnesses speaks to the witnesses' motive for testifying. As the Supreme Court stated in Davis v. Alaska, 415 U.S. 308, 316-17 (1974), the partiality of a witness is "always relevant" in discrediting a witness, and "exposure of a witness' motivation in testifying is a proper and important function of" the right of cross-examination. (Emphasis added). The Second Circuit has observed that, "[a] defendant's major weapon when faced with the inculpatory testimony of an accusing witness is often to discredit such testimony by proof of bias or motive to falsify." United States v. Blackwood, 456 F.2d 526, 530 (2d Cir.

1

1972). Indeed, "[t]he motivation of a witness in testifying, including her possible self-interest and any bias or prejudice against the defendant" is so fundamental to a defendant's right to confront witnesses, it is "one of the principle subjects for cross-examination." Henry v. Speckard, 22 F.3d 1209, 1214 (2d Cir. 1994) (emphasis added). Where a defendant is prevented from engaging in cross-examination that is "designed to show a prototypical form of bias on the part of the witness" and introduce to the jury facts that relate to the reliability of the witness, his Sixth Amendment Confrontation Clause rights are undeniably violated. United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986)).

## ARGUMENT

The government's illusory concern that such cross-examination is likely to confuse the jury or unfairly prejudice the government must yield to Mr. Persico's constitutional right to confront his accusers and fully develop their motive to lie. There is no question that the cooperating witnesses the government intends to call are driven by the hope that, in exchange for their cooperation, they will receive the benefit of a reduced sentence, a motivation that is indisputably based on the witnesses' knowledge of the kinds of sentences others who cooperated received. If the government were to succeed in its attempts to curtail the inquiry into the cooperating witnesses' knowledge of the benefits conferred upon other cooperating witnesses, the jury would be left with an incomplete picture as to witnesses' motivations and bias in testifying against Mr. Persico.

Curiously, in moving for such a restriction, the government relies upon a ruling made by Judge Cogan during the trial in United States v. Gioeli, 08 Cr. 240 (E.D.N.Y.). But, in Gioeli, Judge Cogan, over the government's objection, permitted defense counsel to cross-examine

2

witnesses regarding their knowledge of sentences received by certain cooperating witnesses. Indeed, during defense counsel's questioning of two witnesses who will be called in this case regarding their motivation to cooperate, both admitted that they knew about the sentence another cooperator received. For instance, Reynold Maragni was questioned as follows:

> Q. In some of your conversations -- let me ask you this. Sal, Salvatore Vitale, do you know him?
>
> A. No, I don't.
>
> Q. Do you know of him?
>
> A. Yes, I do.
>
> Q. You're familiar with the deal that he got in his case?
>
> A. Yes.
>
> Q. What do you -- what do you understand that to be?
>
> MS. GEDDES: Objection.
>
> THE COURT: Overruled.
>
> Q. You can answer it.
>
> A. I understand he walked away.
>
> Q. And didn't have to, quote, unquote, run away?
>
> A. Exactly.

Transcript of Proceedings dated March 21, 2012, Ex. A.

Similarly, Dino Calabro, a cooperator who killed at least eight people before the government gave him an agreement, was cross-examined as follows:

> Q. Do you know, for instance, did you know Sal Vitale?
>
> A. Yes, I did. "Sally" Vitale.

3

Q. Did you know him before he got arrested?

A. Yes, I did.

Q. Do you know when he got arrested?

A. In early 2000, I think.

Q. When did you learn that he had become a cooperating witness for the Government?

A. I read in the paper.

Q. While you were out?

A. Yes.

Q. So, and you knew at the time that you read it that he committed a lot of violent crimes; right?

A. Yes.

Q. When did you learn about his sentence?

A. Just recently.

Q. Just recently?

A. That he got sentenced?

Q. Yes.

A. Didn't he just get sentenced recently?

Q. When did you learn that he had been sentenced?

A. Just recently.

Q. Did you hear it from somebody in the government? Did you read it in the newspaper?

A. People were telling me in my unit.

> Q. In the unit that you're in now or the unit when you were over at the MDC?
>
> A. The unit I'm in now.

Transcript of Proceedings dated March 29, 2012, Ex. B.

The limiting instruction Judge Cogan gave was only in response to a suggestion made by defense counsel in opening statement that a cooperator's sentence was in the hands of the government. The Court thus instructed the jury that it is the Court, not the government, that determines the appropriate sentence for a cooperating witness.

The cases are legion in this District wherein defense counsel have been permitted to cross-examine witnesses regarding their knowledge of sentences other cooperating witnesses have received. Indeed, since the witnesses' motives are "always relevant," Davis v. Alaska, 415 U.S. at 316-17, and such motive must largely derive from their knowledge of sentences received by prior cooperators, it is a "principle subject of cross-examination," Henry v. Speckard, 22 F.3d at 1214, the preclusion of which would be an unconstitutional violation of the defendant's Sixth Amendment rights. See Davis v. Alaska, 415 U.S. at 316-17; Delaware v. Van Arsdall, 475 U.S. at 680.

## **CONCLUSION**

For the foregoing reasons, Mr. Persico respectfully requests that the Court deny the government's motion to preclude the defense from fully cross-examining government witnesses regarding their motives for cooperating, including any understanding or knowledge they may have about sentences received by other cooperating witnesses.

                                          Respectfully submitted,

                                              /s/

                                          Sarita Kedia
Sarita Kedia Law Offices, P.C.
5 East 22nd Street, Suite 7B
New York, New York 10010
(212) 681-0202

Paul Shechtman
Zuckerman Spaeder LLP
1185 Avenue of the Americas
31st Floor
New York, NY 10036
(212) 704-9600