**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

UNITED STATES OF AMERICA

   -v-             S4 10 Cr. 147 (SLT)

MICHAEL PERSICO, et al.,

     *Defendants*.

--------------------------------------------------------X

**ADDITIONAL BRIEFING IN FURTHER SUPPORT**
**OF MICHAEL PERSICO'S MOTION**
**<u>TO SUPPRESS THE MILAN RECORDINGS</u>**

Sarita Kedia        Paul Shechtman
Sarita Kedia Law Offices, P.C.   Zuckerman Spaeder LLP
5 East 22nd Street, Suite 7B    1185 Avenue of the Americas
New York, New York  10010    New York, NY  10036
(212) 681-0202       (212) 704-9600

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X

UNITED STATES OF AMERICA

       -v-                                          S4 10 Cr. 147 (SLT)

MICHAEL PERSICO, et al.,

                    *Defendants*.

------------------------------------------------------X

## ADDITIONAL BRIEFING IN FURTHER SUPPORT
## OF MICHAEL PERSICO'S MOTION
## <u>TO SUPPRESS THE MILAN RECORDINGS</u>

    Michael Persico respectfully writes in further support of his motion to preclude the government's use of recorded telephone calls placed by Alphonse Persico ("A. Persico") between October 1991 and January 1992 from the Federal Correctional Facility in Milan, Michigan (collectively, the "Milan recordings").

## <u>PROCEDURAL HISTORY</u>

    On March 26, 2012, Michael Persico moved, *inter alia*, to suppress from use at trial the Milan recordings because the government failed to comply with Title III's strictures. Relying upon the Second Circuit's decisions in <u>United States v. Workman</u>, 80 F.3d 688 (2d Cir. 1996), <u>United States v. Willoughby</u>, 860 F.2d 15 (2d Cir. 1988), and <u>United States v. Amen</u>, 831 F.2d 373 (2d Cir. 1987), the government argued that suppression was not required because the recordings were impliedly consensual. Specifically, the government maintained that "A. Persico had actual notice that his calls were monitored, and that he consented to such monitoring by placing calls." Govt. Br. at 46. To prove A. Persico's notice, and thus implied consent, the government represented:

> [T]he Bureau of Prisons has advised that <u>during the relevant period</u>, signs notifying prisoners that their calls were monitored were placed near telephones used by prisoners at FCI Milan. Those signs provided as follows:

NOTICE

> Pursuant to Bureau of Prisons Inmate telephone regulations: All conversations on this telephone are subject to monitoring. Your use of this telephone constitutes consent to this monitoring. You must contact your unit team to request an unmonitored attorney call.

<u>Id.</u> at 46 (emphasis added).   The government additionally asserted that an unidentified Bureau of Prisons source had confirmed that "<u>during the relevant period</u> inmates in FCI Milan were advised in admission and orientation handbooks and during admission and orientation sessions that their calls were monitored."   <u>Id.</u> at 46-47 (emphasis added).   In reply, Persico argued, among other things, that the government's unsworn assertions were insufficient for the Court to make a finding that A. Persico had notice.

By Order dated May 10, 2012, the Court agreed.  Specifically, the Court held that based on the government's submission, which was unaccompanied by any sworn statements by someone with personal knowledge that inmates incarcerated in FCI Milan during the relevant time period were notified that their calls were being monitored, it could not make the factual findings requisite to establish the government's claim that A. Persico impliedly consented to his calls being recorded. <u>See</u> Mem. and Order at 23.   The Court observed: "Acceptance of th[e] unattributed hearsay [upon which the government relied] would effectively deprive Defendant of any opportunity to contest the veracity or sufficiency of the government's sources and render the Title III analysis perfunctory."   <u>Id.</u>  Thus, the Court directed the government to provide <u>evidence</u>, through sworn declarations or affidavits rather than unsworn hearsay, to substantiate its claim

2

that A. Persico was given notice of the recording of his telephone calls at FCI Milan during the relevant time period.  Id. at 23.

As the government has failed to sufficiently substantiate its claim, the recordings must be suppressed.

## ARGUMENT

Accompanied by its letter dated May 18, 2012, the government has submitted two affidavits from Bureau of Prisons personnel Steven Bardsley and Cheryl Wertenberger to support its contention that A. Persico had notice that his calls were monitored.  See Govt. Br., Ex. A, B. Critically, however, neither employee worked at FCI Milan during the relevant time period – October 1991 through February 1992.  Indeed, Ms. Wertenberger did not even begin her employment at FCI Milan until November 1992 – some 10 months after the expiration of the relevant time period.  See Govt. Ex. B at ¶ 1.  And Mr. Bardsley affirms that he too was not employed at FCI Milan during the relevant time period.  See Govt. Ex. A at ¶ 1.   In fact, he had not worked there for several months before October 1991 and did not begin working there again until December 1992, nearly a year after the relevant time period.  See id.  Thus, the affidavits fail to prove precisely that which the Court directed the government to provide:  that is, proof of what occurred at the facility at issue during the time period that A. Persico's phone calls were being monitored.  What the affidavits do show is that the government's prior representation of what occurred "during the relevant period" was wholly unsupported.

Despite its earlier misrepresentations, the government again urges the Court to accept as fact assertions it has no ability to prove. But, as the Court already held, relying on the government's unsupported representations would "render the Title III analysis perfunctory." Mem. and Order at 23.

3

In each case relied upon by the government to argue implied consent, the government was able to prove that the defendant had notice.  In <u>Willoughby</u>, the government proved that the inmate at issue attended a lecture at which inmates were advised of the prison's practice of recording all calls and that a sign was posted during the relevant time period.  <u>See</u> 860 F.2d at 20.  Likewise, in <u>Amen</u>, the government proved that the inmates had received actual notice of the monitoring and taping process.  <u>See</u> 831 F.3d at 379.  So too, in <u>Workman</u>, the government proved that the inmate at issue was told of the prison's telephone monitoring program.  <u>See</u> 80 F.3d at 893.

In contrast, here, the government has failed entirely to prove that A. Persico was given notice that his calls were monitored and recorded.  Accordingly, the FCI Milan recordings must be suppressed from use at trial.

## <u>CONCLUSION</u>

Therefore, we respectfully submit that Michael Persico's motion to suppress from use at trial the Milan recordings must be granted.

Respectfully submitted,

/s/

Sarita Kedia
Sarita Kedia Law Offices, P.C.
5 East 22nd Street, Suite 7B
New York, New York  10010
(212) 681-0202

Paul Shechtman
Zuckerman Spaeder LLP
1185 Avenue of the Americas
31st Floor
New York, NY 10036
(212) 704-9600

4