UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA

        -v-                                         S4 10 Cr. 147 (SLT)

MICHAEL PERSICO, et al.,

                *Defendants*.

-------------------------------------------------------X

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MICHAEL PERSICO'S MOTION TO SUPPRESS THE FRUITS OF THE FEBRUARY 7, 1991, ROMANTIQUE LIMOUSINES SEARCH

| | |
|---|---|
| Sarita Kedia | Paul Shechtman |
| Sarita Kedia Law Offices, P.C. | Zuckerman Spaeder LLP |
| 5 East 22nd Street | 1185 Avenue of the Americas |
| New York, New York 10010 | New York, NY 10036 |
| (212) 681-0202 | (212) 704-9600 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-                                                                         10 Cr. 147 (S-4) (SLT)

MICHAEL PERSICO, et al.,

                       *Defendants*.

-------------------------------------------------------X

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**MICHAEL PERSICO'S MOTION TO SUPPRESS THE FRUITS**
**OF THE FEBRUARY 7, 1991, ROMANTIQUE LIMOUSINES SEARCH**

**PRELIMINARY STATEMENT**

    We reply herein to the government's opposition to Michael Persico's motion to suppress the fruits of the February 7, 1991, search of Romantique Limousines. In response to Mr. Persico's motions, the government argues, among other things, that the Andjich affidavit does not demonstrate deliberate falsehood or reckless disregard for the truth. We address this point below. We rely on our initial brief as to the remainder of the bases for suppression.

**ARGUMENT**

**SUPPRESSION IS REQUIRED BECAUSE,**
***INTER ALIA*, THE ANDJICH AFFIDAVIT CONTAINS**
**MATERIALLY FALSE STATEMENTS AND OMISSIONS**

    **A. The Affidavit Failed to Provide Information Critical to Assess Geller's Reliability**

    In arguing that the Andjich affidavit does not contain deliberate falsehoods or demonstrate the affiant's reckless disregard for the truth, the government ignores the most critical aspect of the affidavit's falsity – its claim that its source of information, Kenneth Geller, is "believed to be reliable," while omitting all information regarding Geller's lack of reliability

and trustworthiness. As stated in our moving papers, the Andjich affidavit failed to inform the issuing judge that (1) Geller was involved in massive fraud, having stolen some five million dollars from the people closest to him, and (2) he was cooperating with the government in an effort to mitigate his own culpability.

Although the government concedes that the affidavit failed to inform the issuing judge of the crucial facts surrounding Geller's cooperation, it argues that the omissions are irrelevant since "it is clear that [Geller] was a knowing participant in Persico's fraudulent scheme to conceal income and improve the appearance of Romantique's financial records." Govt. Br. at 6. The government is wrong.

First, where probable cause is based on information provided by an informant, the issuing judge must be fully informed of all facts necessary to determine his reliability. See United States v. Smith, 9 F.3d 1007, 1013 (2d Cir. 1993) (emphasis added). Information by a paid or criminal informant (Geller was both) requires special scrutiny in a probable cause determination because of concerns "that an informant has concocted his story while pretending to cooperate in order to harass an innocent or curry favor with" law enforcement. United States v. Wagner, 989 F.2d 69, 73 (2d Cir. 1993). Here, the judge was not informed that Geller was even a criminal, let alone one who had engaged in massive fraud, a crime which goes to the heart of his reliability. See United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) ("peculiarly probative of credibility" are crimes that "involve[ ] some element of deceit, untruthfulness, or falsification…").

Second, rather than informing the judge that Geller was someone who had committed crimes and cooperated with the government in an effort to minimize his own punishment, the Andjich affidavit portrayed Geller as a victim of Mr. Persico's purported tax scheme. Compare United States v. Reed, 409 Fed. Appx. 471, 473 (2d Cir. 2011) (where the affidavit explicitly

2

described the informant as a "cooperating witness" who had provided information under a "proffer agreement").

Thus, the affidavit failed to properly inform the issuing judge that Geller was a criminal cooperator whose information required special scrutiny.

### B. Additional Falsities in Andjich's Affidavit

The government next concedes that the consensual recordings do not corroborate Geller's assertion that other individuals made loan payments to Mr. Persico through fake Romantique bills but argues that Andjich did not intend to mislead the issuing judge by suggesting that they do. See Govt. Br. at 9. Rather, the government avers, Andjich stated "more generally" that the information provided by Geller was corroborated by the recordings. Id.

But the recordings do not corroborate Geller's claims regarding the purported scheme in any significant respect. Indeed, while the September 26, 1990, recording (marked by the government as Exhibits 2 and 2T) corroborates the fact that Geller received invoices from Romantique, it does not corroborate the assertion in Andjich's affidavit that any invoices were "bogus." Further, the government's claim that Mr. "Persico acknowledged that the loan to Geller was illegal" is, once again, a blatant misrepresentation of what is stated. Not only does Mr. Persico not "acknowledge" the loan's illegality, he states that the loan was "legitimate." See Ex. A.[1] Indeed, Mr. Persico only expresses his concern that, despite the fact that "Romantique is a legitimate business," the government might try to suggest some impropriety as it had previously done with respect to another company in which Mr. Persico had invested, although there was none. Therefore, had Andjich actually reviewed the recordings he claimed

---

[1] Exhibit A contains the November 20, 1990, transcript prepared by the government as well as our revised version. As the Court will note, the differences are dramatic and alter the meaning of entirely.

3

corroborated Geller's information, his statements in his affidavit could not have been "believed or appropriately accepted by [him] as true." Franks v. Delaware, 438 U.S. 152, 165 (1978).

Accordingly, because the affidavit deliberately or recklessly contained false statements and omitted material information integral to the probable cause finding, suppression is required. Id. at 155-56.

## CONCLUSION

For the reasons set forth above and in our initial brief, the Court should suppress all evidence derived from the unlawful search of Romantique Limousines or, at a minimum, grant a Franks hearing.

Respectfully submitted,

/s/

Sarita Kedia
Sarita Kedia Law Offices, P.C.
5 East 22nd Street
New York, New York 10010
(212) 681-0202

Paul Shechtman
Zuckerman Spaeder LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 704-9600