

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMN:NMA/RJN/AL
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 3, 2012

By ECF

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Theodore Persico, Jr.
      Criminal Docket No. 10-147 (S-4)(SLT)

Dear Judge Townes:

    The government respectfully submits this motion to
request that the Court take certain additional precautions with
respect to the defendant Theodore Persico, Jr.'s decision to
proceed pro se.

Background

    As the Court is aware, on May 9, 2012, the defendant
advised the Court that he wished to represent himself in the
trial of the above-captioned case.  (Docket Entry dated May 9,
2012.)  On May 16, 2012, after the Court gave the defendant
additional time to consider his decision, the defendant indicated
that he would not represent himself at trial.  (Docket Entry
dated May 16, 2012.)  However, on May 25, 2012, the defendant
advised the Court that he does intend to represent himself at
trial.  (Docket Entry dated May 25, 2012.)  On June 1, 2012, in
open court, co-defendants Francis Guerra and Michael Persico
moved for severance based on the defendant's decision to proceed
pro se, and the Court denied those motions.

<u>Discussion</u>

In light of the aforementioned developments and the applicable case law, the government respectfully submits that several precautions are appropriate in this case.  In particular, the government respectfully asks the Court to take precautions set forth below to prevent any prejudice that may arise from the defendant's self-representation.

I.   <u>Legal Background</u>

   A.   <u>Pro Se Representation</u>

In <u>United States v. Sacco</u>, 563 F.2d 552 (2d Cir. 1977), the Second Circuit considered an appeal by a defendant who, after he was convicted at trial, argued that the district court erred when it declined to sever him from a <u>pro</u> <u>se</u> co-defendant who made purportedly prejudicial remarks about him to the jury.  <u>Sacco</u> at 554-55.  On appeal, the defendant argued that the <u>pro</u> <u>se</u> co-defendant's statements about him could not be countered because the <u>pro</u> <u>se</u> co-defendant did not testify.  <u>Id.</u> at 555.  The Court of Appeals affirmed the conviction, reasoning in part as follows:

> [T]he problem of the <u>pro</u> <u>se</u> defendant which confronted the district court and counsel for co-defendants deserves comment.  As more and more defendants appear <u>pro</u> <u>se</u>, that problem is certain to recur.  Accordingly, it may be useful to note the steps taken by Judge Gagliardi to minimize the potential for prejudice to co-defendants, all of which we commend, and to suggest additional precautions which might serve to prevent a <u>pro</u> <u>se</u> defendant from so prejudicing a jury as to require a severance.
>
> First, Judge Gagliardi retained the attorney assigned to try the case for Sacco to advise and assist Sacco during trial -- aid which Sacco accepted.  Second, the judge treated Sacco as an attorney, warning him he would be held to the rules of law and evidence,[6] and that he should refrain from speaking in the first person as though he were testifying, or voicing personal observations in his comments on the evidence.[7]  Third, when Sacco strayed beyond bounds, the judge, either at the government's objection or <u>sua</u> <u>sponte</u>, cautioned the jury in appropriate terms.  Finally, the court carefully instructed the jury in its closing remarks before summation, during summations and in its

final instructions that nothing the lawyers said was evidence in the case.

> FN6. The court explicitly advised Sacco, "[J]ustice is going to require that I hold you substantially within the rules of law and evidence that are required to be applied. . . . Your acting for your own self here is not going to defeat having a fair trial with everybody involved."

> FN7. Judge Gagliardi instructed Sacco as follows: "I urge you in your summation to the jury not to use the first person in such a way that would indicate that you are now testifying before them.  You have the right to comment on the evidence, any reasonable inferences that should be drawn either from the evidence that has been produced or that has not been produced, and you may comment on them that way, but you may not make them yourself in your summation."

> "But I ask you not to individualize what you might have said if you had taken the stand, Mr. Sacco.

> "That's not permitted, and if you have to be interrupted during your summation either by objections of Mr. Broderick [the prosecutor] or otherwise, I will be compelled to continuously refer to that jury that you are not a witness, that these are your own personal observations and so forth and should not be mentioned and carry no weight whatsoever with this jury."

In addition to the foregoing measures, and to avoid any ambiguity in the jury's mind about the unsworn statements of a pro se defendant, it should be made clear to the jury at the outset that anything he says in his "lawyer" role is not evidence against him or a co-defendant, and his remarks are to be regarded no differently than those of the attorneys in the case. The pro se defendant should also be specifically instructed beforehand that in any opening statement or summation he must avoid reference to co-defendants without prior permission from the court, and should

3

refrain from commenting upon matters not in evidence or solely within his personal knowledge or belief.

We suggest further that a defendant who has chosen to represent himself should be made aware of the dangers and disadvantages of self-representation. Especially in multi-defendant trials, the <u>pro</u> <u>se</u> defendant should understand that although he may conduct his own defense ultimately to his own detriment, the court will not countenance the deprivation of his co-defendants' right to a fair trial. He should know that he will be required to comply with relevant rules of procedural and substantive law, and that if he deliberately fails to obey or willfully engages in obstructionist misconduct, his self-representation may be terminated.

<u>Id.</u> at 556-57 (some citations and quotation marks omitted; brackets in original); <u>see also</u> <u>Larrabee v. Bartlett</u>, 970 F. Supp. 102, 106 (N.D.N.Y. 1997) (observing that in <u>Sacco</u>, the Second Circuit advised district courts to take the following steps when a defendant in a multi-defendant trial proceeds <u>pro se</u>: "(1) appointing standby counsel, (2) warning the pro se defendant that he will be held to the rules of law and evidence, (3) admonishing the defendant that he should refrain from speaking in the first person in his comments on the evidence, (4) instructing the jury prior to closing remarks, during summation, and in the final instructions that nothing the lawyers said is evidence in the case, and (5) making it clear to the jury at the outset that anything the pro se defendant says in his 'lawyer' role is not evidence.").

    B.    <u>Cross-Examination</u>

        Regardless of whether a defendant represents himself, "[t]he scope and extent of cross-examination lies within the discretion of the trial judge." <u>United States v. Blanco</u>, 861 F.2d 773, 781 (2d Cir. 1988). "Although counsel may explore certain areas of inquiry in a criminal trial without full knowledge of the answer to anticipated questions, he must, when confronted with a demand for an offer of proof, provide some good faith basis for questioning that alleges adverse facts." <u>United States v. Katsougrakis</u>, 715 F.2d 769, 779 (2d Cir. 1983); <u>see also</u> <u>United States v. Scotti</u>, 47 F.3d 1237, 1248 (2d Cir. 1995); <u>United States v. Pedroza</u>, 750 F.2d 187, 195-96 (2d Cir. 1984).

        There can be no good faith basis for cross-examination questions, however, when the defendant cannot proffer information regarding the accuracy of the allegations, or bases such

allegations only on reports from defense agents.  See, e.g., United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008) (holding that cross-examination regarding witness's possible gang affiliation was properly limited where defense counsel acknowledged having no information regarding affiliation); Katsougrakis, 715 F.2d at 779 (sustaining government objection to defense cross-examination question regarding defendants' deceased accomplices' reputations as hit men where the only corroboration was the defense's private investigator's suspicion that they were "thugs"); United States v. Occhipinti, 1991 WL 251655, at *3-4 (S.D.N.Y. Nov. 18, 1991) (affirming contempt order against defense counsel based on his "persistent reference to prejudicial information in front of the jury, in violation of the court's orders," regarding, among other things, defense counsel's debriefings of "investigators" where counsel failed to offer any showing that "these investigators -- agents and friends of the defendant -- were reliable").

## II.  Application

        In advising the defendant about the consequences of his decision to proceed pro se, the Court has already taken certain precautions set forth in Sacco and Larrabee, such as appointing an advisory counsel and advising the defendant that he will be bound by the rules of criminal procedure and evidence.  In light of Sacco and Larrabee, however, as well as the rule against cross-examination questions that lack a good-faith basis, the government respectfully asks the Court to take the following additional precautions:

1. Warn the defendant that he should refrain from speaking in the first person as though he were testifying, and from voicing personal observations in his comments on the evidence.

2. If the defendant strays beyond the bounds of the rules of evidence, or if he speaks as though testifying or voices personal observations, caution the jury in appropriate terms.

3. Advise the jury at the outset that anything the defendant says in his "lawyer" role is not evidence against him or a co-defendant, and that his remarks are to be regarded no differently than those of the attorneys in the case.

4.  Instruct the jury in the Court's closing remarks before summation, during summations and in its final instructions that nothing the lawyers said -- and nothing the defendant said when acting as his own lawyer -- was evidence in the case.

5.  Instruct the defendant that in any opening statement or summation he must avoid reference to co-defendants without prior permission from the Court, and should refrain from commenting upon matters that are not in evidence, such as matters that are within his personal knowledge or belief but that are not based on evidence admitted at trial.

6.  Instruct the defendant that he cannot ask questions on cross-examination that lack a good-faith basis, and that if his questions are challenged for a lack of good faith, he will be required to proffer information regarding the accuracy of the allegations within his questions.

7.  Instruct the defendant that the Court will not countenance the deprivation of his co-defendants' right to a fair trial or any violation of the prohibition on questions that lack a good-faith basis, and that if he deliberately fails to obey these rules or willfully engages in obstructionist misconduct, his self-representation may be terminated.

<u>Conclusion</u>

The government respectfully submits that, in light of <u>Sacco</u> and <u>Larrabee</u>, as well as the rule against cross-examination questions that lack a good-faith basis, the foregoing precautions are appropriate in the trial of this case.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    _____/s/_____
Nicole M. Argentieri
Rachel J. Nash
Allon Lifshitz
Assistant U.S. Attorneys
(718)254-6232/6072/6164

cc:  Defense Counsel (by ECF)