# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM

TEL: 212.681.0202
FAX: 212.614.0202

June 4, 2012

**BY ECF**

Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        *Re:*    *United States v. Frank Guerra, et al., 10 Cr. 147 (S-4) (SLT)*

Dear Judge Townes:

      In light of the Court's ruling on Friday, the government now seeks to introduce evidence under Fed. R. Evid. 404(b), through the testimony of Kenneth Geller, regarding Michael Persico's alleged involvement in threatening Joseph Lalima because of Lalima's failure to pay money owed to Persico.  The government contends that this evidence is admissible because (1) Persico's involvement with Lalima was directly related to the racketeering conspiracy, as it was yet another investment made for the purpose of earning money not just for himself, but also for the criminal enterprise, and (2) Geller's experience regarding Lalima contributed to his fear of Persico, which is an important element of the proof relating to Racketeering Acts One and Two."  Govt. Ltr. Doc. 511 at 4.

      Because the record belies the government's claims, we object to admission of the Lalima evidence.  First, the government offers no support for its contention that Persico's investment with Lalima was for the purpose of earning money for the Colombo Crime Family.  Rather, Geller's accounts to the FBI show that he was asked by Persico to review the books of White Cap Linen, a business owned by Lalima in which Persico had invested, because the records were in complete disarray.  During Geller's debriefings, he did not aver that Persico's investment was made on behalf of or for the benefit of the Colombo family.  Geller reported only that Persico and Lalima had invested their own monies into White Cap Linen and that "[t]hese monies would come back to Persico and Lalima upon the sale of the company to [another] Linen Company."  Ex. A, FBI 302 dated 10/2/90, at 3-4 (emphasis added); see also id. at 3 ("Persico went into [the business] to help Lalima get out of the business.").  Indeed, in all of Geller's interviews, he never once described the business as a Colombo family entity.  Therefore, Geller's testimony, if

Honorable Sandra L. Townes
United States District Judge
June 4, 2012
Page 2

consistent with his prior statements, would not advance the government's position that Persico's investment into Lalima's business was made to earn money for the enterprise.

Second, the government's claim that this evidence is necessary to show the basis for Geller's fear is illogical since it charges that the Persico-Geller loansharking began in 1989, well before this meeting with Geller and Lalima is alleged to have occurred. See id. Moreover, nothing in the government's proffer suggests that Persico held a meeting with Lalima for the purpose of instilling fear in Geller. Cf. United States v. Abelis, 146 F.3d 73, 83-84 (2d Cir. 1998); United States v. Sears, 544 F.2d 585, 588 (2d Cir. 1976). To the contrary, by Geller's account, the meeting was prompted by an FBI subpoena to White Cap Linen for records and was held at the office of Lalima's attorney. See Ex. A at 4. Its purpose was to discuss the best manner in which to respond to the subpoena, see id., and not, as the government now contends, to instill fear in Geller.

Finally, admission of this evidence should be denied as it will only spur a confusing, time-consuming and distracting sideshow about what actually occurred. Apparently, Geller now claims that at the meeting "Theodore Persico, Sr., threatened Lalima and directed him to cooperate with Geller's investigation of the company's cash flow," Govt. Ltr. Doc. 511 at 4, but that is a new version of events. As the October 2, 1990, FBI report shows, when Geller first told the FBI about the meeting, he said nothing about Theodore Persico, Sr., saying anything at the meeting, let alone threatening Lalima. See Ex. A at 4.

Therefore, because the evidence regarding Lalima is unfounded, confusing, irrelevant and prejudicial, it should be excluded.

                                              Respectfully submitted,
                                              /s/
                                              Sarita Kedia
                                              Paul Shechtman


cc:     Government counsel
          All defense counsel
          (By ECF)