LAW OFFICE OF
## MARC FERNICH

MARC FERNICH   maf@fernichlaw.com
ALSO ADMITTED IN MASSACHUSETTS

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
212-446-2346
FAX: 212-459-2299
www.fernichlaw.com

January 21, 2015

**BY ECF**

Hon. Sandra L. Townes
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *US v. Michael Persico,* 10 CR 147 (SLT) (EDNY)

Dear Judge Townes:

I write to respectfully address several issues raised by Monday's government letter.

**1.** For the reasons that follow, I renew our motion to withdraw Mr. Persico's plea based on the government's breach of the plea agreement or alternatively for specific performance – that is, to have the government's offending statements to the Probation Office and the Court stricken, *e.g., U.S. v. Vaval*, 404 F.3d 144, 154 (2005), and Mr. Persico sentenced before a different judge, untainted by illicit government advocacy. *E.g., U.S. v. Woltmann*, 610 F.3d 37, 43-44 (2d Cir. 2010); *U.S. v. Hernandez*, 604 F.3d 48, 55-56 (2d Cir. 2010); *U.S. v. Heredia*, 768 F.3d 1220, 1236 (9th Cir. 2014) ("Once the district judge has seen or heard the offending words that denied the defendant the benefit of his bargain, any further proceedings before him [are] necessarily ... tainted").

**First**, in its Oct. 30, 2014 decision ("Dec."), the Court opined that the government had not breached the agreement by advocating a position before Probation, as the agreement proscribed "advocacy only before the Court." *See* Dec.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 2

11. But as I noted on the record at our last conference, the statements to Probation had their intended effect, directly inducing the Court to "schedule a hearing with regard to information about the history and characteristics of Mr. Persico that the government says that they can prove" – a breach if ever there was one. 10/30/14 Tr. 2; *see also id.* 4-5 ("[W]ith regard to those acts that the government alleges they can prove by a preponderance of the evidence, I would have to hear that in order to make an informed decision with regard to sentencing…. I have no idea what the proof is, I have no idea whether the government can prove it by a preponderance of the evidence.").

Since there is no dispute that the agreement bars the government from advocating before the Court, the government could and should have declined to offer proof of additional crimes allegedly committed by Mr. Persico – especially where the underlying information was inarguably known at the time of the plea. But instead of trying to repair the breach, the government *compounded* it by Monday's letter stating it is prepared to prove Mr. Persico's involvement in a spate of extraneous crimes beyond the offense of conviction. 1/19/15 Ltr. 3.[1]

The assertion that the government wants to prove these extrinsic offenses simply to oppose a sentence "*below*" the stipulated 37-46 month guideline range is a thin pretext that scarcely cures its breach. *Id.* As the Second Circuit has made abundantly clear, statements "acknowledg[ing]" that the plea agreement "prohibit[s the government] from seeking an upward departure or taking a position on the appropriate sentence within the applicable Guidelines range" – and disavowing any "inten[t] to violate those provisions" – do *not* "insulate" it from a breach finding if its actions in fact constitute a form of advocacy. *Vaval*, 404 F.3d at 153; s*ee also U.S. v. Griffin*, 510 F.3d 354, 361 (2d Cir. 2007) (finding government breach and

---

[1]  Tellingly, it appears that the government did not advise Probation that it could prove additional crimes by a preponderance of the evidence with respect to other defendants with whom it had plea agreements, with the exception of Theodore Persico Jr. But it hardly mattered for Theodore Persico Jr., as the guidelines for his crime of conviction (life) far exceeded his maximum statutory penalty (12 years). Because the government did not take a similar position before Probation or the Court, the Court did not schedule a *Fatico* hearing as to any other defendant with a plea agreement resembling Michael Persico's. This is so even though the other defendants were also charged with crimes more serious than their respective offenses of conviction.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 3

warning that when prosecutorial commentary "reasonably appears to seek to influence the court in a matter incompatible with the agreement," Second Circuit "will not hesitate to find a breach, [despite] formal language of disclaimer"); *U.S. v. Wyatt*, No. 06 CR 782 (DLI), 2008 WL 2433613, at *1 (E.D.N.Y. June 12, 2008) (government remarks breached plea agreement because "intended to support [] higher sentence, even if [it] has tried to avoid saying so explicitly"); *id.* at *10 ("government need not explicitly move for an upward departure" to breach plea agreement prohibiting "such advocacy if, in fact, the government's arguments and comments" amount to "an argument about where within the range the court should sentence defendant or whether to upwardly depart").

Indeed, enforcing "meticulous standards of performance," *U.S. v. Bulluck*, 182 F. App'x 7, 10 (2d Cir. 2006) (citation omitted), the Second Circuit has held the government in breach where, despite advocating a sentence within the guidelines range specified in the plea agreement, prosecutors embraced a sentencing *calculation* used in the presentence report that "differed in key respects from that which [they] had indicated in the … agreement that [they] would recommend." *Id.* at 9-10.

**Second**, the Court's Oct. 30 decision deemed unreasonable the defense understanding that the agreement barred the government from advocating a position before Probation, maintaining that the prosecutor had "expressly rejected" that construction at the plea hearing. Dec. 12. But Monday's government letter expressly *adopts* – ***not*** *rejects* – defense counsel's statements at the hearing. *See* 1/19/15 Ltr. 2.[2] In fact, the government insists that it is proffering extrinsic offense evidence solely because counsel remarked during the plea colloquy that Mr.

---

[2]  During the plea colloquy, the government challenged only the defense understanding that the agreement covered all crimes the government had been investigating. 6/8/12 Tr. 27. The government did *not* dispute that it would refrain from advocating in any way, before Probation or the Court, for an above-guidelines sentence or where within the guidelines range the sentence should fall. *Id.*

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 4

Persico "will be advocating for a sentence below the Guideline range." *Id.* (quoting 6/8/12 Tr. 27).[3]

Counsel made that statement explicitly in amplifying the defense understanding of what the plea agreement allowed each party to advocate: "[O]ur understanding is that the government is not going to advocate *in any way* to the Probation Office or to the Court for a sentence above the Guideline range or where within the Guideline range Mr. Persico should fall…. Of course, we will be advocating for a sentence below the Guideline range." 6/8/12 Tr. 27 (emphasis supplied).

As the Court must "enforce what 'the defendant reasonably understood' the plea agreement to mean" when entered – and because "oral agreements can amplify ambiguous terms" – it follows inescapably that the government is in breach. *Stern v. Shalala*, 14 F.3d 148, 150 (2d Cir. 1994); s*ee also U.S. v. MacPherson*, 590 F.3d 215, 223 (2d Cir. 2009) ("A plea colloquy can be examined to determine a defendant's understanding of a plea agreement.") (collecting cases).

**2.** We renew our contention that the plea lacks a sufficient factual basis. To reiterate, the Court's "obligations under [Rule 11(b)(3)] continue until it has entered judgment. If it decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant." *U.S. v. Smith,* 160 F.3d 117, 121 (2d Cir. 1998); *see also Libretti v. U.S.*, 516 U.S. 29, 38 (1995) (despite plea's acceptance, court should not enter judgment "without making such inquiry as shall satisfy it that there is a factual basis for the plea"); *U.S. v. Gonzalez*, 420 F.3d 111, 133 (2d Cir. 2005)

---

[3]  The government's claim is disingenuous. As recounted in our earlier briefing, counsel had numerous discussions with the government regarding its breach prior to filing the withdrawal motion. *See* Reply Br. [ECF 790] 17. During those discussions, counsel specifically asked if the government would remedy the breach and refrain from advocating Mr. Persico's alleged involvement in murders and other unconvicted crimes if the defense agreed not to request a below-guidelines sentence. The government refused. Moreover, although codefendants with agreements like Mr. Persico's sought and received below-guidelines sentences, the government did not attempt to prove their participation in additional crimes.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 5

(withdrawal warranted where, prior to entering judgment, court finds inadequate factual basis for plea).

In Monday's letter, the government concedes that the $100,000 loan at issue went to a trucking company owned by Theodore Persico Jr., James Bombino and cooperating witness Steven Marcus. 1/19/15 Ltr. 2. This confession meshes with the evidence, primarily comprising consensual recordings made by Marcus while cooperating. The recordings establish that Michael Persico's cousin Theodore asked him for a loan; that the loan was going to Theodore as borrower; that Theodore set the loan terms; that the parties agreed on a flat $10,000 interest rate for the $100,000 loan, whatever its duration; and that Theodore and the other borrowers understood they were not being "shak[en] down." 6/10/09 Rec., Bates 11587, Session 3, at 2.

Though the record is void of evidence showing that Mr. Persico intended to instill in the borrowers a fear of violence, the Court suggested that a defendant's intent "can reasonably be inferred from the terms of the loan that he extended." Dec. 21 (citing *U.S. v. Lombardozzi*, 491 F.3d 61, 71 (2d Cir. 2007)).

Preliminarily, since intent is a "critical element," the Court may *not* "infer" it in the "context of a challenge to the factual basis supporting a guilty plea." *U.S. v. McCreary-Redd*, 475 F.3d 718, 724 (6th Cir. 2007); *U.S. v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988); *U.S. v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Thus, while a petit jury may draw reasonable inferences regarding a defendant's state of mind from the evidence presented at *trial* (*see Lombardozzi*, 491 F.3d at 71), permitting such inferences in the *plea* context would "negate the well-established safeguards inherent in the Rule 11[(b)(3)] mandate." *McCreary-Redd*, 475 F.3d at 724 (citing *Goldberg*, 862 F.2d at 106).[4]

---

[4] The inference that Mr. Persico "conspired" to commit the crime (Dec. 21) – another critical element – is also improper. Arranging for someone to extend a loan is not equivalent to conspiring with another to make an extortionate extension of credit.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 6

Moreover, even if such inferences *were* permissible in the plea context, any inference of intent is entirely unreasonable on the facts of this case.[5] Belying that inference, again, is the borrower's status as Mr. Persico's cousin – a partner in the trucking company and a "powerful captain in the Colombo family" (Govt. Ltr. re T. Persico, ECF 739, at 3 (May 27, 2014)) – whereas Mr. Persico is not even claimed to be an enterprise member. These facts, among others outlined in our prior submissions, demonstrate that the plea lacks a sufficient factual basis and that Mr. Persico is legally innocent of the crime charged.

**3.** If the Court continues to uphold the plea and require a hearing despite the government's breach, I must respectfully request an adjournment so I may render adequate assistance of counsel. Having indicated at the last conference that it was not seeking a *Fatico* hearing (10/30/14 Tr. 3), the government now says it aims to prove Mr. Persico's involvement in a wave of extraneous crimes to support its request for a 37-46 month guideline sentence. 1/19/15 Ltr. 3. Specifically, the government now claims it can prove that Mr. Persico (a) is a long-term Colombo family associate, at times acting in a managerial role; (b) participated in murder by furnishing guns used in the 1993 Joseph Scopo homicide and helping assemble the crew that carried out the killing; (c) participated in extortion and loansharking; and

---

[5] Contextual difference aside, *Lombardozzi* is factually inapt. **First**, while the *Lombardozzi* interest payments ranged from 104% to 250%, the government's plea colloquy statement here – that the loan's annual interest rate topped 45% – lacks foundation. Rather, as indicated in text, the evidence shows that the interest on the $100,000 loan was to be a $10,000 "flat fee" regardless of duration, and that no interest or principal payments were ultimately made over the ensuing nine month period. 9/15/09 Rec., Bates 11632, Session 3, at 2; 6/10/09 Rec., Bates 11587, Session 3, at 2. **Second**, Lombardozzi and a cohort repeatedly threatened their borrower – readily implying an intent to instill fear – whereas Mr. Persico did no such thing. To the contrary, at least one borrower here – Bombino – expressed his belief that Mr. Persico might just forgive the interest altogether. 11/11/09 Rec. Bates 11657, Session 5, at 2. **Third**, whereas *Lombardozzi* involved an unsecured loan to a virtual stranger, the loan in this case went to a trucking company that, according to the government, was "funded by [Mr.] Persico" himself and concededly run by his cousin. *E.g.,* ECF 764 at 3.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 7

(d) conspired with Colombo family associates to obtain and sell stolen video games. *Id.*[6]

In support of its position regarding additional conduct, the government advised Monday night that it intends to call as witnesses Anthony Russo and an FBI agent. In doing so, the government stated that it previously provided some of Mr. Russo's 3500 material to Mr. Persico and other defendants and provided more 3500 material Monday night and late Tuesday afternoon. I have not yet had the opportunity to review any of this material, but understand that it consists of hundreds of hours of audio recordings and thousands of pages of documents, including testimony and debriefing reports. The government has yet to identify the FBI agent it intends to call or provide any of the agent's 3500 material. If the Court still plans to go forward with a hearing, I therefore request that it be rescheduled for a convenient date in March or April to enable me to digest the voluminous materials in question.[7] I also ask that the government identify the agent it intends to call and provide any additional 3500 material in sufficient time for me to absorb the information.

I anticipate that I may need to call rebuttal witnesses, but I will make that determination once I have had an opportunity to review the government witnesses' 3500 material and hear their testimony. Finally, I ask that the government produce any *Brady* and *Giglio* information bearing on its claims.

---

[6] Though the government has dropped its bid to prove Mr. Persico's involvement in additional murders and murder conspiracies, the extortion claim does not appear in the draft PSR and is entirely new – yet another plea agreement breach.

[7] I am unavailable March 24-27 and April 1-2 due to previously scheduled hearings.

Hon. Sandra L. Townes
U.S. District Judge
January 21, 2015
Page 8

As always, we appreciate the Court's attention and consideration.

Respectfully,

/s/

Marc Fernich

cc: All counsel (ECF)