

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG:NMA/AL
F.#2010R00195

271 Cadman Plaza East
Brooklyn, New York 11201

January 19, 2015

By Hand and ECF

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Michael Persico
               Criminal Docket No. 10-147 (S-6) (DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, in which a <u>Fatico</u> hearing is scheduled for January 23, 2015.[1]  For the reasons set forth below, the government respectfully asks the Court to impose a term of imprisonment within the advisory Guidelines range of 37 to 46 months and a fine within the advisory Guidelines range of $7,500 to $75,000.

Background

      On June 8, 2012, the defendant pled guilty to the sole count of the above-captioned superseding information, which charged him with conspiring to participate in an extortionate extension of credit, in violation of 18 U.S.C. § 371.  (Docket Entry No. 566.)  On October 30, 2014, after briefing by the parties, the Court denied the defendant's motion to withdraw his guilty plea.  (Docket Entry No. 791.)  Later that day, the parties appeared

---

[1] The government re-submits this letter, which was originally filed on January 19, 2015 (Docket Entry No. 802), pursuant to the Court's Order directing that recent filings that cite to transcripts should be re-submitted with the cited transcripts attached (Docket Entry dated Jan. 19, 2016).  This letter is identical to the version filed on January 19, 2015, except for the addition of this footnote and footnote 2, as well as citations to Exhibits A-C and the inclusion of those exhibits.  The government has also updated the names of the assigned United States District Judge, the Probation Officer, and the United States Attorney.

before the Court, and the Court ordered a <u>Fatico</u> hearing in order to hear proof regarding the defendant's history and characteristics.  (Docket Entry dated Oct. 30, 2014; Transcript dated Oct. 30, 2014 (attached as Ex. A) at 2-6.)

Discussion

The government respectfully submits that, in this case, a term of imprisonment within the Guidelines range of 37 to 46 months is appropriate in light of all relevant sentencing factors, and also respectfully requests that the sentence include a fine within the advisory Guidelines range of $7,500 to $75,000.

I.      <u>Legal Standard</u>

The Sentencing Guidelines are advisory, not mandatory.  <u>United States v. Booker</u>, 125 S. Ct. 738, 764-65 (2005).  However, the Supreme Court held in <u>Booker</u> that the sentencing court must consider the Guidelines in formulating an appropriate sentence.  <u>Id.</u>  In <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

<u>Gall</u>, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the district court] may not presume that the Guidelines range is reasonable.  [The district court] must make an individualized assessment based on the facts presented."  <u>Id.</u> at 49-50 (citation and footnote omitted).

II.     <u>The Guidelines Range of Imprisonment Is 37 to 46 Months</u>

In the plea agreement, the government estimated that the advisory Guidelines range of imprisonment is 37 to 46 months.  (Plea Agreement ¶ 2.)  The defendant stipulated to this calculation (<u>id.</u>; <u>see also</u> Transcript dated June 8, 2012 ("Guilty Plea Tr.") (attached in relevant part as Ex. B) at 19) and the Probation Department agrees with it (Presentence Investigation Report ("PSR") ¶ 109).

III.    <u>A Sentence Within the Guidelines Range Is Appropriate</u>

The defendant has indicated that he will seek a sentence below 37 months. (Guilty Plea Tr. (attached in relevant part as Ex. B) at 27 ("Of course, we will be advocating for a sentence below the Guideline range[.]").)  However, the government respectfully submits that a sentence within the Guidelines range is appropriate in light of all relevant sentencing factors.

2

A. The Nature and Circumstance of the Offense

In 2009, the defendant provided $100,000 to co-defendant Anthony Preza, who in turn provided it to co-defendants James Bombino and Theodore Persico, Jr., as well as a third individual who was cooperating with the government. (PSR ¶ 37.) The $100,000 was a loansharking loan extended by the defendant, and it was conveyed through Preza because the defendant wanted to disguise his role in extending the loan. This is a serious crime committed under the auspices of a powerful, violent criminal enterprise. In particular, the defendant was able to make loansharking loans – and to expect to obtain repayment of those loans – because of his position as a powerful associate in the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively). Loansharking is a staple LCN crime that allows the Colombo family and other LCN crime families to thrive, and that often results in violence or threats of violence.

B. The History and Characteristics of the Defendant

As noted above, the defendant intends to seek a sentence below the Guidelines range. (Guilty Plea Tr. (attached in relevant part as Ex. B) at 27.) The government respectfully submits that a sentence below the Guidelines range would be inappropriate in light of the defendant's history and characteristics. In addition to the crime of conviction, the defendant's history includes participation in additional crimes. In light of the Court having ordered a Fatico hearing, the government will offer proof at the hearing of several such crimes, most of which were the subject of extensive testimony during the trial of co-defendant Francis Guerra in June and July of 2012. First, the defendant has participated in racketeering as a long-time associate of the Colombo family and has, at times, been involved in managing the crime family's members and associates. (Guerra Trial Tr. (attached in relevant part as Ex. C) at 181-82, 203-04.) Second, the defendant has participated in murder because he provided firearms to be used in the 1993 murder of Joseph Scopo and participated in assembling the crew that carried out that murder. (Id. (attached in relevant part as Ex. C) at 204-09, 217-18.) Third, the defendant participated in loansharking (id. (attached in relevant part as Ex. C) at 257-70), and fourth, the defendant participated in extortion (see, e.g., 3500-AR-22 at 21-24, 36-37, 43-45[2]). These crimes are staples of organized crime and – because they are difficult to commit without the protection of an organized crime family – reflect the defendant's role in the Colombo family. Fifth, the defendant participated in a conspiracy to acquire and sell stolen video games with associates of the Colombo family, indicating that he has been willing to profit not just from the staple crimes of the Colombo family but also from the wide variety of crimes committed by its members and associates as opportunities arise. (Guerra Trial Tr. (attached in relevant part as Ex. C) at 270-76.)

---

[2] Because Government Exhibit 3500-AR-22 was produced to the defense subject to a judicially issued protective order prohibiting its public disclosure (Docket Entry No. 298), the relevant portions will be submitted to the Court under separate cover, with a request that it be filed under seal.

Because of this history, a sentence below the Guidelines range would be inappropriate in this case.

  C. Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the offense of conviction is serious, and the defendant's additional crimes indicate that he lacks respect for the law.

  D. Affording Deterrence and Protecting the Public

A sentence within the advisory Guidelines range is necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (C). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, 08 CR 332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Because the defendant has committed crimes over a long period of time, he is in need of specific deterrence. In addition, by imposing a sentence within the Guidelines range in this case, the Court can send a message to others in the defendant's position, or who are considering embarking on a life of crime, and can discourage them from doing so.

IV. A Fine Within the Guidelines Range Is Warranted

  Section 5E1.2(a) of the Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." The defendant bears the burden of proving an inability to pay. United States v. Tocco, 135 F.3d 116, 133 (2d Cir. 1998). In this case the Probation Department found that the defendant has not satisfied that burden. (PSR ¶ 107.) Based on an adjusted offense level of 21, the Guideline fine range is $7,500 to $75,000. (Id. ¶ 117 (citing U.S.S.G. § 5E1.2(c)(3) & (c)(4).) It is appropriate that the defendant "reimburse society for the drain on economic resources" that he has caused, as well as for "the high costs of [his] own necessary imprisonment" should a term of imprisonment be imposed. United States v. Sessa, 821 F. Supp. 870, 875 (E.D.N.Y. 1993) (Weinstein, J.). The government therefore respectfully requests that the defendant be required to pay a fine within the Guidelines range.

Conclusion

        For the reasons set forth above, the government respectfully asks the Court to impose a term of imprisonment within the advisory Guidelines range of 37 to 46 months and a fine within the advisory Guidelines range of $7,500 to $75,000.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:    /s/
        Nicole M. Argentieri
        Allon Lifshitz
        Assistant U.S. Attorneys
        (718) 254-6232/6164

cc:    Clerk of the Court (DLI) (by ECF)
        Marc Fernich, Esq. (by ECF)
        Mary Ann Betts, U.S. Probation Officer (by email)