

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG:AL
F.#2010R00195

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 31, 2017

By Hand and ECF

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Michael Persico
                 Criminal Docket No. 10-147 (S-6) (DLI)

Dear Chief Judge Irizarry:

      The government respectfully submits this letter in response to the defendant's letter dated May 9, 2017 (Docket Entry No. 863) and the Court's Order dated May 10, 2017.

      In his letter, the defendant argued that certain testimony of cooperating witness Anthony Russo is contradicted by statements made by another cooperating witness, Dino Calabro. While the defendant correctly points out that there are differences between Russo and Calabro's recollections, those differences do not undermine Russo's testimony that the defendant ordered Russo and others to murder Joseph Scopo and that the defendant provided firearms for the murder. In sum, there remains a preponderance of evidence proving that the defendant participated in the Scopo murder.

      By way of background, the portion of the FBI report enclosed with the defendant's letter (the "Report") reflected statements made by Calabro, who, before cooperating, had been a long-time associate and member of the Colombo crime family. Calabro's cooperation was disclosed when he testified publicly during the 2012 trial of United States v. Gioeli & Saracino, 08 CR 240 (BMC), and the 2013 trial of United States v. Cacace, 08 CR 280 (BMC). The Report was initially provided to the defendant in this case on May 3, 2012, before the defendant pled guilty, in an abundance of caution and pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), along with contact information for Calabro's attorney. The Report was also provided to the defendant pursuant to 18 U.S.C. § 3500, along with all of Calabro's statements, on May 22, 2012.

Because of the wide latitude the Court has to consider material offered in advance of sentencing, the government does not object to the defense submitting the Report now, or to the Court giving it due consideration. See generally 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Indeed, the government stipulates that the portion of the Report highlighted by the defense accurately reflects Calabro's best recollection of a conversation he had with Anthony Russo in or around 1994.[1] However, the fact that the Report is being offered five years after it was provided to the defense, and nine months after the extensive Fatico hearing conducted in this case, reflects its lack of utility. Indeed, the Reports offers no basis to exculpate the defendant with respect to the Joseph Scopo murder – or any other crime.

As the Court will recall, Russo testified at the Fatico hearing that he, Eric Curcio, Francis Guerra, John Pappa and John Sparacino murdered Joseph Scopo after the defendant and others ordered the murder and the defendant provided firearms for it. (Tr. at 30-58.[2]) Russo further testified that Calabro later complimented him on having participated in the Scopo murder, and Russo denied knowing what Calabro was talking about because acknowledging that he had committed a murder could have gotten him killed. (Tr. at 59-60.) Calabro, by contrast, as reflected in the Report, advised the FBI that Russo admitted to Calabro that he, Guerra, Pappa and Sparacino were involved in the murder.

This difference in recollection in no way exculpates the defendant. Whether Russo admitted or denied to Calabro that he participated in the murder, there is no dispute that Russo in fact participated in it. Rather, the defendant appears to argue that if Russo admitted the murder to Calabro, but did not identify the defendant's role, the defendant must not have been involved. That, however, is not a reasonable conclusion. All that Calabro said was that Russo admitted "that he, GUERRA, JOHN SPARACINO and JOHN PAPPA were involved in the murder of SCOPO" (emphasis added). Calabro did not state that Russo provided a comprehensive list of participants. Indeed, in Calabro's memory of the conversation, Russo also omitted Curcio, who was murdered long ago (Tr. at 67-68), and whom Russo would have no motive to falsely implicate now.

Perhaps more notably, Theodore Persico, Jr. ("Persico, Jr."), was also omitted from the account that Calabro recalls getting from Russo. However, on June 8, 2012, Persico, Jr. pled guilty to conspiring to murder Joseph Scopo in aid of racketeering (Docket Entry Nos. 562, 563), and it is beyond dispute that Persico, Jr., in fact committed that crime,

---

[1] The Report indicates that Calabro recalled the conversation occurred "shortly after CARMINE GARGANO was killed." Gargano was murdered on July 10, 1994.

[2] "Tr." refers to the transcript of the Fatico hearing conducted in this case. The transcript was provided to the Court as Exhibit A to the government's post-hearing brief dated September 21, 2016. (See Docket Entry No. 846-1.)

2

just as Russo testified he did. Therefore, the omission of the defendant from the account recalled by Calabro is not significant. Indeed, even if Russo admitted the murder to Calabro precisely as Calabro recalls, it makes sense that he would have omitted the defendant and Persico, Jr. from his account. If admitting his own role in the murder could potentially have gotten Russo killed, then publicly implicating the son and nephew of the boss of the Colombo family would have been suicidal.

Nevertheless, the fact remains that someone ordered Russo and others to murder Joseph Scopo, and the government respectfully submits that for all the reasons set forth in its post-Fatico briefing, Russo's testimony that he received his orders from the defendant and Persico, Jr. should be credited

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:    /s/
Allon Lifshitz
Assistant U.S. Attorney
(718) 254-6164

cc:    Clerk of the Court (DLI) (by ECF)
       Defense Counsel (by ECF)
       Mary Ann Betts, Supervisory U.S. Probation Officer (by email)