```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :     MEMORANDUM AND ORDER
            -against-                         :         10-CR-147 (DLI)
                                              :
MICHAEL PERSICO,                              :
                                              :
                        Defendant.            :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On June 8, 2012, Michael Persico ("Defendant") pled guilty to the Sixth Superseding Information, which charged him with a single count of conspiracy to participate in an extortionate extension of credit, in violation of 18 U.S.C. §§ 371, 892. *See* Superseding Info., Dkt. Entry No. 565; Change of Plea Hr'g, Dkt. Entry No. 566 at 1. On July 21, 2017, the Court sentenced Defendant to sixty months of imprisonment, followed by three years of supervised release, and a $250,000 fine. *See* Jul. 21, 2017 Min. Entry. The Court permitted Defendant to self-surrender to the United States Bureau of Prisons on October 20, 2017. *Id*. For the purposes of this Memorandum and Order, the Court presumes the parties' familiarity with the facts and circumstances of this case, as outlined in its previous decisions. *See* Jul. 19, 2017 Op. & Ord. ("*Factio* Op."), Dkt. Entry No. 868; Feb. 27, 2015 Mem. & Ord., Dkt. Entry No. 811; Oct. 29, 2014 Mem. & Ord., Dkt. Entry No. 791. The holdings and conclusions of these decisions are fully incorporated herein.

Presently before the Court is Defendant's application for bail pending appeal. *See* Mot. for Bond Pending App. ("Bail Mot."), Dkt. Entry No. 869; Opp. to Mot. for Bond Pending App. ("Opp."), Dkt. Entry No. 871; Reply to Opp. to Mot. for Bond Pending App. ("Reply"), Dkt. Entry No. 873. For the following reasons, Defendant's application is denied.

## I. DEFENDANT'S LEGAL ARGUMENTS WERE MADE FOR THE FIRST TIME ON REPLY

As an initial matter, it bears noting that Defendant's opening brief consists of *one paragraph on one page* where defense counsel states in conclusory fashion, "Well before sentencing, Persico moved Judge Townes to vacate his plea for legal infirmity and government breach of the plea agreement. Both issues are substantial, non-frivolous, and very well could be decided the other way." Bail Mot. at 1 (internal citations and quotation marks omitted). There is no legal argument whatsoever. Attached to this single page are two exhibits: a copy of the transcript of a status conference held on June 3, 2016 before this Court, and an undated affirmation by one of Defendant's attorneys, Sarita Kedia, concerning the circumstances surrounding Defendant's guilty plea.

The only legal arguments made by Defendant were in reply to the Government's opposition brief. Notably, in Footnote 1 of Defendant's reply brief, he raises for the first time due process concerns regarding the Bail Reform Act's reference to a "crime of violence." The Government had no opportunity to respond to this meritless argument at any time, nor did the Court, as it was never raised during any prior Court proceeding. Indeed, the Court is entitled to disregard all of Defendant's legal arguments because they were raised for the first time on reply. *See In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (*per curiam*). Nonetheless, out of an abundance of caution, the Court has considered Defendant's legal arguments and finds them meritless. *See* discussion *infra*.

## II. THE CRIME OF CONVICTION DOES NOT COMPEL DEFENDANT'S DETENTION

Pursuant to 18 U.S.C. § 3143(b)(2), the Court:

> *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

(emphasis added). Under 18 U.S.C. § 3142(f)(1)(A), the listed offenses are "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of [ten] years or more is prescribed." In this chapter, a "crime of violence" includes, *inter alia*, "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). Relying upon this definition, the Government argues that § 3143(b)(2) compels Defendant's detention because conspiracy to participate in an extortionate extension of credit qualifies as a crime of violence. *See* Opp. at 4-5. Defendant opposes, responding that § 3143(b)(2) is inapplicable to his crime of conviction because: (1) it is not a "crime of violence;" and (2) the maximum term of imprisonment was less than ten years. *See* Reply at 1, n.1.

As to the first point, Defendant previously conceded that his crime of conviction qualifies as one of violence for the purposes of § 3156(a)(4)(A). At his sworn guilty plea allocution before the Honorable Sandra L. Townes, U.S.D.J., Judge Townes stated that, in order to prove a violation of 18 U.S.C. § 892, the Government would have to prove beyond a reasonable doubt that:

> [D]efendant knowingly made an extension of credit; [and] . . . that there was an understanding between . . . [D]efendant and the borrower, express or implied, tacet [sic] or otherwise, that if the borrower delayed in making his repayments or if there was a total failure to repay, violence or other criminal means would be used to force payment.

Jun. 8, 2012 Tr. of Crim. Cause for Guilty Plea ("Guilty Plea Tr."), Dkt. Entry No. 789-2 at 9; *See also* 18 U.S.C. § 891(6) (an extortionate extension of credit is defined as one in which there is an "understanding . . . that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of another person."). When Judge Townes asked defense counsel whether the Court had properly

3

stated the elements of the underlying offense, counsel responded, "[T]hat's our understanding, as well." Guilty Plea Tr. at 9.

As the elements of the underlying offense include an express or implied threat of violence upon the debtor's person or property, it falls squarely within the "crime of violence" definition outlined in § 3156(a)(4)(A). *See United States v. Santora*, 225 F. App'x 21, 22 (2d Cir. 2007) (upholding the district court's finding for pretrial purposes that the defendant "had committed a crime of violence, specifically conspiracy to commit extortion.") (internal citations omitted); *See also United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) (conspiracy to commit a crime of violence is, itself, a crime of violence) (internal citations omitted); *United States v. Simone*, 317 F. Supp.2d 38, 42 (D. Mass. 2004) (an extortionate extension of credit is a crime of violence under 18 U.S.C. § 3142(f)(1)(A)).[1]

However, despite the fact that conspiracy to participate in an extortionate extension of credit properly is identified as a crime of violence for purposes of the instant motion, the Court agrees with Defendant that this subsection of the statute is inapplicable because the crime's maximum term of imprisonment is less than ten years. *See United States v. Madoff*, 586 F. Supp.2d 240, 247 (S.D.N.Y. 2009) (explaining that 18 U.S.C. § 3142(f)(1) requires that the underlying crime of violence "carr[y] a maximum term of ten years or more").

---

[1] As referenced above, for the first time, Defendant also argues in his reply that the definition of "crime of violence" in § 3156(a)(4)(A) is unconstitutionally vague in a manner similar to the residual clause of the Armed Career Criminal Act ("ACCA"). *See* Reply at n.1 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)). The Court rejects this argument. The language in § 3156(a)(4)(A) mirrors the force clause of the ACCA, which was left undisturbed by the *Johnson* Court's ruling. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

### III. DEFENDANT IS A DANGER TO THE SAFETY OF THE COMMUNITY AND HIS APPEAL DOES NOT RAISE A SUBSTANTIAL ISSUE OF LAW OR FACT

Applications for bail pending appeal also are governed by 18 U.S.C. § 3143(b)(1), which states in relevant part:

> [a] judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

"It is [D]efendant's burden to rebut the presumption in favor of detention by clear and convincing evidence." *United States v. Bodouva*, No. 16-CR-214 (VEC), 2016 WL 7351634, at *2 (S.D.N.Y. Dec. 16, 2016) (citing *United States v. Aburhamra*, 389 F.3d 309, 310 (2d Cir. 2004)). "If a defendant meets this substantial burden, bail pending appeal is required." *Id*.

Defendant argues that he is neither a flight risk nor a danger to his community because the Court granted him the ability to surrender himself at a designated date and time. *See* Reply at 2. Although the Court agrees that Defendant is not a flight risk, it rejects the conclusion that he is not a danger to the community. The reasoning for this determination is twofold. First, the crime of conviction is a "crime of violence" under the Bail Reform Act. *See* discussion *supra*. Second, the Court has considered its findings from the *Fatico* Hearing. Indeed, the Court has concluded that Defendant, *inter alia*, directed the commission of and participated in a murder, and in other acts

5

of extortionate extension of credit over a substantial period of time. *See Fatico* Op. Based upon these considerations, the Court finds that Defendant repeatedly has shown himself to be a danger to the safety of the community. *See United States v. Seminerio*, No. 08-CR-1238 (NRB), 2010 WL 3341887, at *3-4 (S.D.N.Y. Aug. 20, 2010) (considering the findings of a *Fatico* hearing in determining whether to grant a defendant's application for bail pending appeal).

Yet, even if the Court assumes, *arguendo*, that Defendant is neither a flight risk nor a danger to the safety of other people or the community, he still fails to raise a "substantial question of law or fact" that likely would result in a more favorable outcome under § 3143(b)(1)(B). In determining whether any question raised on appeal is a "substantial" one, the Court must find that the issue presents "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985), *cert. denied*, 474 U.S. 1008 (1985) (internal citations and quotation marks omitted). Indeed, it must be "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id*. (internal citations omitted). The Court finds that none of the issues presented in Defendant's appeal qualify as a "substantial question."

Defendant argues that, "[i]n addition to the reasons set forth in [Defendant's] motions to withdraw his guilty plea," there are four "substantial questions" being appealed to the Second Circuit. *See* Reply at 3. Those issues are: (1) the "factual basis" of his plea; (2) his "legal innocence" as to the crime of conviction; (3) the sufficiency of his plea allocution; and (4) the Government's alleged breach of the plea agreement. *See Id*. at 3-5. None of these arguments are new. Defendant has argued each of these points repeatedly in a number of prior submissions. *See, e.g.*, Mem. in Supp. of Plea Withdrawal, Dkt. Entry No. 788 at 2-11 (maintaining that the Government violated the plea agreement), 11-37 (arguing that there is no factual basis for the crime

charged and that Defendant did not understand the nature of the crime), n.11 (claiming that Defendant is "legally innocent" of the crime charged); Reply Mem. in Supp. of Plea Withdrawal, Dkt. Entry No. 790 at 2-23 (discussing the Government's alleged breach of the plea agreement), 24-33 (asserting that facts Defendant admitted to in his plea were insufficient to comprise the crime charged), 33-39 (alleging that Defendant did not understand the charge to which he pled), 39-42 (reiterating the claim that Defendant is "legally innocent"); *See also* Def. Jan. 21, 2015 Ltr., Dkt. Entry No. 803; Def. Feb. 3, 2015 Ltr., Dkt. Entry No. 806.

The arguments outlined in Defendant's submissions underwent two thorough and thoughtful reviews by Judge Townes. These careful examinations resulted in two robust, well-reasoned discussions of those arguments alongside controlling precedent. *See* Oct. 29, 2014 Mem. & Ord. (denying Defendant's motion to withdraw his guilty plea); Feb. 27, 2015 Mem. & Ord. (denying Defendant's motion for reconsideration). In addition to the review performed by Judge Townes, with this Summary Order, this Court has performed two additional, independent reviews of the same arguments made to Judge Townes. *See* Tr. of Jun. 3, 2016 Status Conf., Dkt. Entry No. 834 at 14-15. Defendant has failed to carry his heavy burden of establishing the merits of these arguments by clear and convincing evidence. Accordingly, although Defendant insists on rearguing and rehashing his unmeritorious arguments repeatedly, the Court remains unpersuaded that any of these arguments raise a "substantial question of law or fact" under § 3143(b)(1)(B).

## **CONCLUSION**

Based upon the foregoing, the Court finds that Defendant poses a danger to the community and that the issues he intends to raise on appeal do not raise substantial questions of law or fact that likely would result in a more favorable outcome under § 3143(b)(1)(B). Accordingly, Defendant's motion for bail pending appeal is denied. As previously directed, Defendant shall surrender to a facility designated by the United States Bureau of Prisons before 12:00 p.m. on October 20, 2017.

SO ORDERED.

Dated: Brooklyn, New York
August 23, 2017

/s/
DORA L. IRIZARRY
Chief Judge